# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-191

WILLIAM J. KELLY,                                                        APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                           APPELLEE.


Before KRAMER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges.*

## O R D E R

In a January 5, 2001, single-judge order, the Court vacated a December 31, 1998, decision of the Board of Veterans' Appeals (Board) that had concluded that the appellant's claim for Department of Veterans Affairs (VA) service connection for olivopontocerebellar atrophy was not well grounded and remanded that matter for readjudication under the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), and pursuant to *Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order). In that January 2001 order, the Court also concluded that it lacked jurisdiction to entertain the appellant's arguments regarding an asserted claim for VA service connection for cerebellar ataxia because the appellant had failed to file a jurisdiction-conferring Notice of Disagreement (NOD) as to that claim. *See* Veterans' Judicial Review Act, Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) [hereinafter VJRA § 402].

On January 30, 2001, the appellant filed, through counsel, a motion for reconsideration or, in the alternative, for a panel decision regarding that portion of the Court's January 2001 order in which the Court held that it lacked jurisdiction over the asserted claim for service connection for cerebellar ataxia. The motion for reconsideration was denied in a single-judge order dated October 10, 2001. The alternative motion for a panel decision is now before this panel and will be granted.

On December 27, 2001, Congress repealed the Court-jurisdiction NOD requirement, formerly set forth at VJRA § 402, which had conferred jurisdiction on the Court over a particular claim only when an NOD, as to an underlying agency-of-original-jurisdiction decision on that claim, was properly filed by an appellant on or after November 18, 1988. Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-103, § 603(a), 115 Stat. 976, 999. The Court's January and October 2001 orders were premised on the now-repealed VJRA § 402 requirement. Because that repealer is applicable to all pending and subsequent claims, *see id.* at § 603(d), the Court will grant the appellant's motion for a panel decision, reinstate the appeal with respect to the ataxia claim, and return the case to the single judge. The Court notes that by reinstating the appeal as to the asserted

ataxia claim, the Court makes no determination as to (1) whether the appellant ever made any formal or informal claim for service connection for ataxia; (2) if the appellant did make such a claim, whether that claim was reasonably raised to the Board; and (3) if the appellant did not reasonably raise that claim to the Board, whether there is a final Board decision as to any such claim that is reviewable by this Court. *See, e.g., Collaro v. West*, 136 F.3d 1304, 1309-10 (Fed. Cir. 1998); *Ledford v. West*, 136 F.3d 776, 779-80 (Fed. Cir. 1998); *Barrera v. Gober*, 122 F.3d 1030, 1038-39 (Fed. Cir. 1997); *Grantham v. Brown*, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997); *Marsh v. West*, 11 Vet.App. 468, 470 (1998); *Garlejo v. Brown*, 10 Vet.App. 229, 232 (1997).

On consideration of the foregoing, it is

ORDERED that the appellant's motion for a panel decision is granted, and the Court's January 5, 2001, order is modified to the extent provided herein as to the asserted cerebellar ataxia claim. It is further

ORDERED that the appellant's appeal with respect to the asserted ataxia claim is reinstated. The case will proceed before the single judge as to any appeal involving such a claim. It is further, by the single judge,

ORDERED that, not later than 30 days after the date of this order, the appellant file, and serve on the Secretary, a supplemental memorandum addressing the above three questions as to the asserted claim. Not later than 20 days after service of the appellant's memorandum, the Secretary shall file, and serve on the appellant, a supplemental memorandum in response to the appellant's memorandum. Not later than 15 days after service of the Secretary's supplemental memorandum, the appellant may file a supplemental reply thereto.

DATED:      February 28, 2002                    PER CURIAM.