# United States Court of Appeals for the Federal Circuit

2006-7053

ALICE DAVIS
(as surviving spouse of Phillip Davis, deceased),

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Sandra E. Booth, of Columbus, Ohio, argued for claimant-appellant.

Marla T. Conneely, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Donald E. Kinner, Assistant Director. Of counsel on the brief was Michael J. Timinski, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Martin J. Sendek, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

# United States Court of Appeals for the Federal Circuit

2006-7053

ALICE DAVIS
(as surviving spouse of Phillip Davis, deceased),

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  February 5, 2007

_____

Before MICHEL, Chief Judge, RADER and LINN, Circuit Judges.

MICHEL, Chief Judge.

Phillip Davis appeals from the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Davis v. Nicholson, No. 01-0122(E), 2005 U.S. App. Vet. Claims LEXIS 947 (Vet. App. Nov. 1, 2005) ("EAJA Decision"). For the reasons discussed below, we affirm.

## I.  BACKGROUND

Davis, a World War II veteran, filed a claim for Total Disability based upon Individual Unemployability ("TDIU") with the Regional Office ("RO") on December 2, 1992. The RO denied this claim, and Davis appealed this denial to the Board of Veterans' Appeals ("Board"). After a remand to the RO in 1998 for additional

development, the Board denied Davis' TDIU claim on October 13, 2000, finding that Davis' service-connected disabilities did not preclude him from gainful employment under 38 C.F.R. § 4.16(a).[1] Davis thereafter appealed the Board's decision to the Veterans Court, arguing as one error the Board's failure to follow 38 C.F.R. § 4.15, which requires, inter alia, that full consideration be given to "unusual physical or mental effects in individual cases, to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability and to the effect of combinations of disability." Davis argued that instead of considering § 4.15, the Board limited its TDIU determination to 38 C.F.R. § 4.16.

The Veterans Court disagreed and, in a 2002 decision affirming the Board's denial of Davis' TDIU claim, concluded that § 4.15 was not before the Veterans Court on appeal. Davis v. Principi,[2] No. 01-0122 (Vet. App. Aug. 27, 2002). Davis appealed the Veterans Court decision to this court. Holding that the "Veterans Court erred when it suggested that the individualization requirements of section 4.15 were independent of the TDIU criteria set forth in section 4.16 and refused to consider section 4.15 as an issue not before the court," we vacated the decision and remanded on February 3, 2004. Davis v. Principi, 88 Fed. App'x 397, 400 (Fed. Cir. 2004)

---

[1] Pursuant to 38 C.F.R. § 4.16(a), the veteran must meet percentage ratings requirements and must show that service-connected disabilities prevent the veteran from securing substantially gainful employment. There was no dispute that Davis met the percentage requirements of § 4.16(a).

[2] The Secretary of Veterans Affairs during the pendency of Davis' underlying benefits case was Anthony J. Principi. R. James Nicholson is the current Secretary of Veterans Affairs.

(nonprecedential). We expressed no opinion on whether the Board had in fact considered the particular circumstances of Davis' disabilities under § 4.15. Id.

At the Veterans Court, Davis filed a motion for remand to the Board for readjudication of his claim on the ground that the Board had failed to apply or discuss § 4.15. On April 20, 2004, the Veterans Court denied Davis' motion for remand but vacated the Board's October 13, 2000 decision and remanded the case to the Board for fact finding. Davis v. Principi, No. 01-0122 (Vet. App. Apr. 20, 2004) ("Remand Order"). The pertinent part of the Remand Order states

> Because the application of § 4.15 requires a determination of fact, the matter must be remanded to the Board for further action. *See* 38 U.S.C. § 7261(c); *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000). On remand the appellant is free to submit additional evidence and argument necessary to the resolution of his claim. *See Kutscherousky v. West*, 12 Vet.App. [sic] 369 (1999) (per curiam order).
>
> Upon consideration of the foregoing, it is
>
> Ordered that appellant's unopposed motion to expedite is granted. Appellant's motion for remand is denied. The Secretary's motion to strike appellant's motion for remand and motion for a stay of proceedings are denied as moot.

Remand Order at 2. The Veterans Court did not retain jurisdiction over the remand. Davis eventually received TDIU benefits in 2004.

On the basis of the Remand Order, Davis filed at the Veterans Court an application seeking $27,903.29 in attorney's fees and expenses under the Equal Access to Justice Act, which provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the

> court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). On November 1, 2005, the Veterans Court denied the EAJA application on the ground that Davis was not a "prevailing party" under the EAJA because there had been no finding of administrative error by this court or the Veterans Court in the underlying benefits case. EAJA Decision at *4. "Rather, the [Veterans] Court remanded the matter for a determination of fact." Id. at *3-4. This appeal followed. Davis died shortly after filing the instant appeal. On October 17, 2006, this court granted an unopposed motion to substitute Davis' surviving widow Alice Davis as the appellant. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II.    DISCUSSION

The question of whether Davis is a "prevailing party" under the EAJA is a question of law that we review de novo. Vaughn v. Principi, 336 F.3d 1351, 1354 (Fed. Cir. 2003) (internal citation omitted). The EAJA is a fee-shifting statute that allows a party who prevails in a civil action brought by or against the government to recover attorney's fees and costs. 28 U.S.C. § 2412(d)(1)(A). A party prevails in a civil action if he receives "'at least some relief on the merits of his claim.'" Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603-604 (2001) (quoting Hewitt v. Helms, 482 U.S. 755, 760 (1987)). In Buckhannon, the Supreme Court provides a spectrum for distinguishing prevailing parties from parties not entitled to an award of attorney's fees, albeit in the Fair Housing Amendments Act context. Id. at 604. At one end of the spectrum, enforceable judgments on the merits, even for nominal damages, and court-ordered consent decrees confer prevailing party status. Id. They do so because they effect a "'material alteration of the legal relationship of the

2006-7053                                    4

parties' necessary to permit an award of attorney's fees." Id. (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93, (1989)). At the other end of the spectrum, interlocutory rulings that reverse dismissals for a failure to state a claim, reversals of directed verdicts for defendants, and achievement of desired results because a lawsuit brought about a voluntary change in the defendant's conduct (i.e., the catalyst theory) do no confer prevailing party status. Id. at 605.

We have applied the definition of "prevailing party" in Buckhannon to EAJA cases. Brickwood Contrs., Inc. v. United States, 288 F.3d 1371, 1379 (Fed. Cir. 2002). Because remands do not necessarily provide any relief on the merits, we have developed tests based on Supreme Court cases for determining when court-to-administrative agency remands confer prevailing party status. See Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1366 (Fed. Cir. 2003). For example, we held that

> where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

Id. In cases such as the instant appeal where the court below has not retained jurisdiction, we have developed an approach for determining when a remand to an administrative agency occurs "because of alleged error by the agency." Id. On the one hand, remands for the consideration of new evidence discovered for the first time during appeal, Vaughn v. Principi, 336 F.3d 1351, 1354, 1360 (Fed. Cir. 2003), and remands to consider the effects of intervening new law, Akers v. Nicholson, 409 F.3d 1356, 1360

(Fed. Cir. 2005); <u>Vaughn</u>, 336 F.3d at 1353, 1360,[3] do not qualify plaintiffs as prevailing parties. On the other hand, remands based on our recognition of agency error from the record do confer prevailing party status. <u>Kelly v. Nicholson</u>, 463 F.3d 1349, 1354 n.3 (Fed. Cir. 2006). The same result follows if the Veterans Court finds administrative error or if the Secretary concedes it.

Here, the parties agree that the remand at issue is the remand by the Veterans Court to the Board in the underlying merits case. In the Remand Order, the Veterans Court did not retain jurisdiction but did order further action by the Board. Therefore, under <u>Motorola</u>, we are not concerned about the ultimate outcome of the agency proceedings on the underlying merits case. 336 F.3d at 1366. Instead, our focus is on whether agency error was the reason for the <u>Davis</u> remand.

Davis argues that the agency error on which the Remand Order was based was the Board's failure to follow § 4.15 in its TDIU analysis. In order for Davis to prevail on this argument, we must conclude that the Remand Order was either explicitly or implicitly predicated on administrative error.

The critical language in the Remand Order states:

Because the application of § 4.15 requires a determination of fact, the matter must be remanded to the Board for further action. *See* 38 U.S.C. § 7261(c); *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000). On remand the appellant is free to submit additional evidence and argument necessary to the resolution of his claim. *See Kutscherousky v. West*, 12 Vet.App. [sic] 369 (1999) (per curiam order).

---

[3] In <u>Vaughn</u>, Ms. Vaughn and Mr. Sumner separately appealed to this court the Veterans Court's denial of an EAJA application. 336 F.3d at 1354, 1360. In the underlining merits case for both Ms. Vaughn and Mr. Sumner, the Veterans Court remanded the case to the Board. The remand for Ms. Vaughn was based on a change in law. The remand for Mr. Sumner was based on newly acquired material evidence. Because both cases concerned the same legal issue, i.e., whether they were prevailing parties under EAJA, we addressed both appeals in <u>Vaughn</u>.

Remand Order at 2. The Remand Order, albeit somewhat opaque, does not state that the remand is predicated on agency error. The Remand Order does not state that the Board had failed to apply or had improperly applied § 4.15 in the underlying merits decision. Instead, the Remand Order merely permits fact-finding in view of § 4.15 and allows the parties to submit additional evidence on the issue.

Davis may believe that the Remand Order must have been based on the agency's error in failing to address § 4.15, but this inference would only be compelling if agency errors were the only reason the Veterans Court could issue remands. Instead, the Veterans Court has authority to remand cases to the Board for further proceedings for further consideration of legal issues or for clarification of facts underlying a legal issue. Williams v. Prinicipi, 275 F.3d 1361, 1365 (Fed. Cir. 2002); see also 38 U.S.C. § 7252(a) (stating that the "[Veterans] Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.").

Tellingly, Davis filed at the Veterans Court a motion for remand seeking readjudication of his claim on the ground that the Board had erred in failing to apply or discuss § 4.15. Davis further argued that the Board's failure to follow § 4.15 was a violation of 38 U.S.C. § 7104(a), which requires Board decisions to be based on, inter alia, the entire record and on consideration of all "applicable provisions of law and regulation." 38 U.S.C. § 7104(a). The fact that the Veterans Court denied Davis' remand motion in the Remand Order strongly suggests that the court rejected these arguments and that the Davis remand was not necessarily for agency corrective action to remedy an error by the Board.

Davis relies on <u>Kelly</u> for the proposition that the determination of agency error is not limited to the four corners of the Remand Order. We agree, but even under this analysis, we cannot readily conclude that the <u>Davis</u> remand was based on agency error.

In <u>Kelly</u>, medical records before the RO and Board supported two diagnoses (i.e., olivopontocerebellar atrophy ("OPCA") and ataxia) as the bases of Kelly's single claim for service connection based on his exposure to Agent Orange. 463 F.3d at 1353. The RO only considered the OPCA diagnosis in its denial of Kelly's service connection claim. <u>Id.</u> Kelly appealed this denial to the Board and then to the Veterans Court. <u>Id.</u> at 1351. Through a convoluted procedural history that we will not rehearse here, the Veterans Court remanded the case for the Board to address the ataxia issue for the first time. <u>Id.</u> at 1351-52.

Based on the ataxia remand order, Kelly filed an EAJA application for attorney's fees. <u>Id.</u> at 1352. The Veterans Court, however, denied Kelly's application after determining that the ataxia remand order was not based on agency error. <u>Id.</u> at 1353-54. On appeal, we reversed, citing as agency error the Department of Veterans Affairs' failure to consider "all evidence and material of record" before deciding Kelly's service connection claim, in contravention of 38 U.S.C. § 5107(b), because it had ignored evidence of Kelly's ataxia diagnosis. <u>Id.</u> at 1354-55.

<u>Kelly</u> is distinguishable from <u>Davis</u>. In <u>Kelly</u>, the agency error, although not explicitly stated in the ataxia remand order, was nevertheless clear from the record, namely that the Department of Veterans Affairs ("VA") had ignored evidence before it of Kelly's ataxia disorder in the service connection analysis. The Board opinion made this clear. Here, the record is less clear.

When the underlying merits case was before us on appeal, we held only that § 4.15 was applicable to TDIU determinations. We expressed no opinion on whether the Board had actually applied § 4.15. Similarly, on remand, the Veterans Court expressed no opinion on whether the Board had applied § 4.15 to Davis' TDIU claim. Additionally, there is no concession of agency error by the VA. In fact, the parties disputed whether the Board had applied § 4.15 to Davis' TDIU claim in its original merits decision.

This is a classic failure of proof case. Davis' sole argument is that the Board failed to follow § 4.15 because it did not cite § 4.15 in its October 13, 2000 opinion. However, in its October 13, 2000 decision, the Board stated that it had considered all potentially applicable provisions of 38 C.F.R. Parts 3 and 4, which includes § 4.15. Moreover, the Board found that Davis was not unemployable as a result of his service-connected facial scars <u>in combination with</u> his other service-connected disabilities. That the Board considered the facial scars in combination with Davis' other disabilities suggests that it had applied § 4.15, because § 4.15, not § 4.16, requires that full consideration be given to, <u>inter alia</u>, "the effect of combinations of disability." 38 C.F.R. § 4.15. The Board's consideration of the applicable provisions of 38 C.F.R. Part 4 and the effect of the combinations of Davis' disabilities coupled with the Veterans Court's rejection in the Remand Order of Davis' argument that the Board had failed to follow or apply § 4.15 strongly suggest that the Remand Order was not predicated on administrative error. As such, Davis has not carried his burden of proof to show administrative error.

Unlike the ataxia remand order and evidentiary record in <u>Kelly</u>, nothing in the <u>Davis</u> Remand Order or the evidentiary record clearly indicates that Davis' remand was based on agency error. Because there is no judicial finding of agency error or concession of agency error and because the record is not clear, we hold that Davis failed to prove that the remand was based on administrative agency error and that in view of <u>Motorola</u>, Davis is not a prevailing party for EAJA purposes. The remand merely afforded Davis an opportunity to litigate again and in no way materially altered his legal relationship with the VA as to the claimed TDIU benefits.

The EAJA applicant has the burden of proving he is a prevailing party. <u>Ramcor Servs. Group, Inc. v. United States</u>, 185 F.3d 1286, 1288 (Fed. Cir. 1999) ("Once a prevailing party satisfies the EAJA requirements . . . the burden shifts to the Government to show that its litigating position was 'substantially justified.'"). Where there has been a remand to an administrative agency without a judicial finding of administrative error or a concession of such error by the agency, the default rule is that the remand is not based on administrative error for EAJA purposes under the <u>Motorola</u> test. This default rule places the burden on the EAJA applicant to prove, based on the record, that the remand had to have been predicated on administrative error even though the remand order does not say so.

We were initially concerned by the fact that the <u>Davis</u> Remand Order denied Davis' motion but still granted Davis the remand relief he sought. The Remand Order suggests that the Veterans Court may have granted relief for reasons different from the ones Davis articulated in his motion for remand. At oral argument, counsel for both parties reduced our puzzlement when they informed us that while the underlying merits

case was on appeal before us, Davis filed a second TDIU claim based on <u>new</u> <u>evidence</u>. This proffer of new evidence suggests that the facts of Davis are comparable to those of Mr. Sumner in <u>Vaughn</u>.

Mr. Sumner appealed the Board's denial of his benefits to the Veterans Court. <u>Vaughn</u>, 336 F.3d at 1354. During the pendency of his appeal, Mr. Sumner filed a motion with the Board for reconsideration of his benefits claim in light of <u>newly</u> <u>acquired</u> <u>material</u> <u>evidence</u> and filed with the Veterans Court a motion to stay his appeal. <u>Id.</u> The Veterans Court granted the stay. <u>Id.</u> The Board granted the motion for reconsideration, stayed its order pending remand from the Veterans Court, and filed with the Veterans Court an unopposed motion for remand pursuant to <u>Cerullo v.</u> <u>Derwinski</u>, 1 Vet. App. 195, 200 (Vet. App. 1991). <u>Id.</u>

After the Veterans Court granted a <u>Cerullo</u> remand, Mr. Sumner filed an EAJA application for attorney's fees. <u>Id.</u> The Veterans Court denied the application, and we affirmed because, <u>inter alia</u>, the remand was based on the discovery of new evidence and was for "further proceedings without a determination of [agency] error." <u>Id.</u> at 1354, 1360.

Here, Mr. Davis, like Mr. Sumner, sought to readjudicate his claim by offering new evidence, except here the readjudication was in a separate TDIU case. Counsel for the VA informed us that Judge Ivers was privy to this information when he wrote the <u>Davis</u> Remand Order. This development partially explains why the Remand Order provides that on remand Davis was free to submit additional evidence and argument necessary to the resolution of his claim. Moreover, counsel's statements at oral argument are further indicia that the <u>Davis</u> remand was not necessarily based on

administrative error. Although we do not base our ruling on facts we learned for the first time at oral argument, we find that counsel's statements confirm our reading of the Remand Order and the record.

We have considered Davis' other arguments and conclude that they are either unpersuasive or their review is unnecessary for the disposition of this appeal.

### III.    CONCLUSION

Because the Veterans Court did not err in denying Davis' EAJA application for attorney's fees given that the remand to the administrative agency was not because of agency error, the decision of the Court of Appeals for Veterans Claims is

AFFIRMED.