NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENNIS R. LOUVALL,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1869

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7567, Judge Joseph L. Falvey, Jr.

---

Decided: July 1, 2025

---

KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; Y. KEN LEE, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, REYNA, and STOLL, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* STOLL.

Dissenting opinion filed by *Circuit Judge* REYNA.

STOLL, *Circuit Judge*.

Dennis R. Louvall appeals the United States Court of Appeals for Veterans Claims's denial of his application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), following the remand of his case. *Louvall v. McDonough*, No. 20-7567, 2023 WL 2132756 (Vet. App. Feb. 21, 2023). Because we conclude the Veterans Court legally erred in its determination that Mr. Louvall is not a prevailing party under EAJA, we reverse the Veterans Court's denial of Mr. Louvall's EAJA application.

## BACKGROUND

At the Veterans Court, Mr. Louvall asserted that the Board of Veterans' Appeals "applied the wrong legal standard under the provisions of 38 C.F.R. § 4.16(a)." J.A. 100. He argued that the Board erroneously applied a preponderance of the evidence standard when he needed to show only that "it is at least as likely as not that his service[-]connected disabilities cause him to be unable to secure or follow a substantially gainful occupation" to receive the benefit of the doubt. J.A. 101 (citing *Gilbert v. Derwinski*, 1 Vet. App. 49, 54 (1990)). He argued that the Board "fail[ed] to apply the benefit of the doubt" which applies where there is "an approximate balance of positive and negative evidence." Appellant's Reply Br. at 7, *Louvall v. McDonough*, No. 20-7567 (Vet. App. Dec. 20, 2021). Therefore, he asserted the "Board['s decision denying a total disability rating due to individual unemployability] was not made in accordance with law" because "where there

was an approximate balance of positive and negative evidence, the Board was required as a matter of law to afford [him] the benefit of the doubt." *Id.* at 12.

While Mr. Louvall's case was pending at the Veterans Court, our court sat en banc in *Lynch v. McDonough*, 21 F.4th 776 (Fed. Cir. 2021), to consider when a claimant is entitled to the benefit of the doubt.[1]

In *Lynch*, we held that "to eliminate the potential for confusion going forward, we depart from *Ortiz*'s 'preponderance of the evidence' language and determine that the benefit-of-the-doubt rule simply applies if the competing evidence is in 'approximate balance,' which *Ortiz* correctly interpreted as evidence that is 'nearly equal.'" *Id.* at 781 (quoting *Ortiz v. Principi*, 274 F.3d 1361, 1364–65 (Fed. Cir. 2001)); *see also id.* ("Put differently, if the positive and negative evidence is in approximate balance (which includes but is not limited to equipoise), the claimant receives the benefit of the doubt."). But we also explained that *Ortiz* was not wrongly decided and that it "correctly established that the benefit-of-the-doubt rule does not apply when a factfinder is *persuaded* by the evidence to make a particular finding." *Id.* While *Ortiz* correctly focused on the issue of persuasion and whether the Board has been persuaded in one direction or another, we explained that the use of preponderance language could lead to confusion given "other cases link 'preponderance of the evidence' to the concept of equipoise" and not with persuasion. *Id.*

In Mr. Louvall's case, the Veterans Court determined "remand is warranted for the Board to address the

---

[1]    Mr. Louvall filed his Veterans Court opening brief in July 2021 and his reply brief on December 20, 2021—just after the en banc *Lynch* decision issued on December 17, 2021.

veteran's argument and *Lynch* in the first instance." *Louvall v. McDonough*, No. 20-7567, 2022 WL 1302067, at *1 (Vet. App. May 2, 2022). The Veterans Court cited Mr. Louvall's argument that "the Board applied the wrong legal standard by basing its decision on '[t]he preponderance of the evidence.'" *Id.* (alteration in original) (citation omitted).

Following remand, Mr. Louvall sought an award of attorney's fees pursuant to EAJA. In opposition to Mr. Louvall's EAJA application, the Secretary only contested Mr. Louvall's status as a prevailing party. Secretary's Response Under U.S. Vet. App. R. 39 to Appellant's Application for Attorney Fees and Expenses at 3, *Louvall v. McDonough*, No. 20-7567 (Vet. App. Sept. 8, 2022) ("The Secretary does not challenge any other aspect of Appellant's application."). Initially, the Veterans Court granted Mr. Louvall's EAJA application in full. The Secretary filed a motion for reconsideration, which the court granted. The court then withdrew its previous decision and issued a new decision holding that Mr. Louvall is not a prevailing party within the meaning of EAJA because the remand decision: (1) "was not based on an explicit or implicit Board error," and (2) did not "materially change the legal relationship of the parties." *Louvall v. McDonough*, No. 20-7567, 2023 WL 2132756, at *1 (Vet. App. Feb. 21, 2023). Because it determined Mr. Louvall is not a prevailing party, the Veterans Court denied his application for fees under EAJA.

Mr. Louvall appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

The question of whether Mr. Louvall is a "prevailing party" under EAJA is a question of law that we review de novo. *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007); *Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004) (emphasizing that we have jurisdiction "to determine

whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute, that is, whether there is an error of law"). Accordingly, "we review the Veterans Court's interpretation of EAJA without deference, but we are precluded from reviewing its application of EAJA to the facts of a particular case." *Thompson v. Shinseki*, 682 F.3d 1377, 1380 (Fed. Cir. 2012).

EAJA codifies a congressional mandate that, "in defined circumstances, the government pay appropriate attorney's fees to private parties who win in litigation against it." *Wagner v. Shinseki*, 733 F.3d 1343, 1344 (Fed. Cir. 2013) (citing 28 U.S.C. § 2412). "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990). As we have previously explained, EAJA's "central policy is of particular significance, in the 'uniquely pro-claimant' system for adjudicating veterans' claims for benefits." *Wagner*, 733 F.3d at 1344 (quoting *Kelly v. Nicholson,* 463 F.3d 1349, 1353 (Fed. Cir. 2006)).

EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In reviewing the denial of Mr. Louvall's application, the only question before us is whether Mr. Louvall qualifies as a prevailing party within the meaning of § 2412(d)(1)(A). We are convinced that he does.

To qualify as a prevailing party, one must receive "at least some relief on the merits of his claim." *Robinson v. O'Rourke*, 891 F.3d 976, 980 (Fed. Cir. 2018) (citation omitted). In some cases, securing a remand order to an administrative agency may constitute success on the merits

but only where the remand is predicated "either explicitly or implicitly . . . on administrative error." *Id.* at 980–81; *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003) ("[W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party . . . without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court . . . ."); *Kelly*, 463 F.3d at 1355 (noting that "outright reversal on the merits has been very rare" in the Veterans Court).

A review of our precedent supports that an appellant will qualify as a prevailing party when the remand turns on the recognition of the merits of appellant's argument. *See Kelly*, 463 F.3d at 1354 (classifying appellant as a prevailing party for "securing a remand requiring consideration of his ataxia diagnosis" which he argued the regional office and Board failed to consider); *Dover v. McDonald*, 818 F.3d 1316, 1317–18 (Fed. Cir. 2016) (classifying appellant as a prevailing party where appellant secured a remand and opportunity to pursue a claim based on her argument that the VA did not follow its regulations when it failed to dismiss a "non-specific" claim without prejudice and without reaching the merits); *Motorola*, 336 F.3d at 1366 (explaining that a remand which grants relief on the merits raised by the plaintiff "is itself success on the merits" but acknowledging "[w]e do not hold that every remand constitutes a grant of relief on the merits"); *Davis v. Nicholson*, 475 F.3d 1360, 1364 (Fed. Cir. 2007) (explaining that "remands based on our recognition of agency error from the record do confer prevailing party status" but "remands to consider the effects of intervening new law . . . do not qualify plaintiffs as prevailing parties" (citation omitted)); *see also Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312–13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that

construction."); *Env't Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1257–58 (D.C. Cir. 1993) (concluding petitioner qualifies as a prevailing party where the parties filed a joint motion for a remand to comply with notice and comment requirements which the plaintiff had alleged the agency had violated). *But see Akers v. Nicholson*, 409 F.3d 1356, 1359–60 (Fed. Cir. 2005) (intervening decision holding that the VA could consider methods other than waiver to forgive a debt did not render an appellant a prevailing party who merely challenged the denial of debt wavier).

Before the Veterans Court, Mr. Louvall specifically asserted that he was entitled to the benefit of the doubt as his standard of proof and that "the Board applied the wrong legal standard by basing its decision on '[t]he preponderance of the evidence.'" *Louvall*, 2022 WL 1302067, at *1 (alteration in original) (citation omitted); *Louvall*, 2023 WL 2132756, at *2 (explaining that Mr. Louvall "argued that the Board, under the guise of a finding of fact, used a standard of proof other than the benefit of the doubt"). The Veterans Court held that "remand is warranted *for the Board to address the veteran's argument* and *Lynch* in the first instance." *Louvall*, 2022 WL 1302067, at *1 (emphasis added).

In other words, the remand was premised on Mr. Louvall's argument that the preponderance of the evidence is the wrong legal standard, which is also the legal argument considered in *Lynch*. 21 F.4th at 779–80 (explaining that the veteran contended "that the Board misapplied 38 U.S.C. § 5107(b) and wrongly found that he was not entitled to the 'benefit of the doubt'" and that "*Ortiz*'s statement that 'the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant,' is contrary to the statutory 'approximate balance' standard" (citations omitted)).

This is not a case where the Veterans Court simply remanded for the Board to consider an intervening change in

law in the first instance. Rather, the remand was expressly predicated on Mr. Louvall's argument that the Board applied the wrong legal standard and the intervening opinion in *Lynch* merely provided additional support to his contention that the Board erred. Under these circumstances, the remand is most reasonably read as being implicitly based on administrative error, and thus we reverse the Veterans Court's determination that Mr. Louvall is not a prevailing party.

Given that the Secretary only contested whether Mr. Louvall qualified as a prevailing party in his EAJA application, we need not remand this matter for consideration of the remaining EAJA requirements. Secretary's Response Under U.S. Vet. App. R. 39 to Appellant's Application for Attorney Fees and Expenses at 3, *Louvall*, No. 20-7567 (Vet. App. Sept. 8, 2022) ("The Secretary does not challenge any other aspect of Appellant's application.").

## CONCLUSION

We have considered the Government's remaining arguments and find them unpersuasive. For the foregoing reasons, we reverse the Veterans Court's denial of Mr. Louvall's application for an award of attorney's fees under EAJA.

**REVERSED**

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENNIS R. LOUVALL,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1869

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7567, Judge Joseph L. Falvey, Jr.

---

REYNA, *Circuit Judge*, dissenting.

Our precedent is clear that a claimant who obtains a remand order is not a prevailing party under the Equal Access to Justice Act unless they demonstrate that the remand is explicitly or implicitly predicated on administrative error. There is no such demonstration in this case.

Here, Mr. Louvall obtained a remand order instructing the Board of Veterans' Appeals to address his argument and the Federal Circuit's intervening en banc decision in "*Lynch* in the first instance[.]" *Louvall v. McDonough*,

No. 20-7567, 2022 WL 1302067, at *1 (Vet. App. May 2, 2022). I agree with the majority that the remand is not explicitly predicated on administrative error, *see* Maj. Op. 7–8, but I do not agree that Mr. Louvall has shown that the remand was implicitly predicated on administrative error. Nor can it be said that a remand for the Board to address *Lynch* in the first instance necessarily implies administrative error. Accordingly, I respectfully dissent.

I.

For a claimant to obtain prevailing party status under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), a claimant must receive "at least some relief on the merits of [their] claim." *Robinson v. O'Rourke*, 891 F.3d 976, 980 (Fed. Cir. 2018) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)). Claimants who obtain a remand order must demonstrate that the remand is explicitly or implicitly predicated on administrative error. *Id.* at 980–81. When there is no "judicial finding of administrative error or a concession of such error by the agency," i.e., no explicit error, "the default rule is that the remand is not based on administrative error for EAJA purposes[.]" *Davis v. Nicholson*, 475 F.3d 1360, 1366 (Fed. Cir. 2007). To overcome the default rule, the claimant must prove that "the remand had to have been predicated on administrative error even though the remand order does not say so," i.e., implicit error exists. *Id.*

Turning to the remand order, the Veterans Court briefly summarized Mr. Louvall's argument and our intervening decision in *Lynch v. McDonough*, 21 F.4th 776 (Fed. Cir. 2021) (en banc). *Louvall*, 2022 WL 1302067, at *1. After providing this summary, the Veterans Court declined to address the merits of Mr. Louvall's appeal. *Id.* at *1–2. The Veterans Court determined that a "remand [was] warranted for the Board to address the veteran's argument and *Lynch* in the first instance," reasoning that

"where there has been a new legal development between the issuance of a Board decision and the submission of a case to the [Veterans] Court, [the Veterans Court has] the discretion not to address the effect of that development and instead remand for the Board to consider it in the first instance." *Id.* (citations omitted).

The Veterans Court's remand order does not explicitly profess administrative error, and the agency has not conceded error. Maj. Op. 7–8; Appellee Br. 13. As such, the default rule (no error) applies unless Mr. Louvall shows otherwise.

To determine whether Mr. Louvall has carried his burden to show implicit error, we must address the basis of the Veterans Court's decision to remand, which is our decision in *Lynch* (and Mr. Louvall's arguments relating to the same issue addressed in *Lynch*). In *Lynch*, we addressed the "benefit of the doubt rule" under 38 U.S.C. § 5107(b) and examined *Ortiz v. Principi*, 274 F.3d 1361 (Fed. Cir. 2001), which held that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant." *Lynch*, 21 F.4th at 779 (quoting *Ortiz*, 274 F.3d at 1364). We explained that *Ortiz* was "not wrongly decided" because it "correctly established that the benefit-of-the-doubt rule does not apply when a factfinder is *persuaded* by the evidence to make a particular finding." *Id.* at 781–82 (emphasis in original and citation omitted). Nonetheless, we departed from "*Ortiz's* 'preponderance of the evidence' language" to avoid any confusion it may create, given that other cases "link 'preponderance of the evidence' to the concept of equipoise." *Id.* at 781.

Mr. Louvall has not carried his burden to show implicit error. While *Lynch* clarified the benefit of the doubt rule, there is no explicit or implicit indication from the remand order or its surrounding context that the Veterans Court believed that the Board applied the wrong legal standard (equipoise, rather than persuasion). If the Veterans

4                                                    LOUVALL v. COLLINS

Court's remand order could be read as implying as much, then I would join the majority opinion. However, the most reasonable interpretation of the Veterans Court's remand order is that the Veterans Court was unable to determine whether the Board applied a legal standard based on equipoise or persuasion, and thus the Veterans Court remanded for the Board to clarify its analysis, in light of *Lynch*. Given this understanding of the remand order, Mr. Louvall failed to carry his burden to show that "the remand had to have been predicated on administrative error even though the remand order does not say so," i.e., implicit error. *Davis*, 475 F.3d at 1366.

Accordingly, I respectfully dissent.