NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-7016

JAMES E. LAPOINTE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

James E. Lapointe, of Quincy, Massachusetts, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Steven J. Gillingham, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Assistant General Counsel, and Martie Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-7016

JAMES E. LAPOINTE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs

Respondent-Appellee.

_____

DECIDED:  March 14, 2007

_____

Before MAYER, LOURIE, and DYK, Circuit Judges.

Opinion for the court filed by Circuit Judge LOURIE.  Dissenting opinion filed by Circuit Judge Mayer.

LOURIE, Circuit Judge.

## DECISION

James E. LaPointe ("LaPointe") appeals from the final decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the decision of the Board of Veterans' Appeals (the "Board") that denied his claim for a disability rating greater than thirty percent for service-connected asthma.  LaPointe v. Nicholson, No. 03-2179 (Vet. App. Sept. 20, 2006) ("Decision on Appeal").  We lack jurisdiction to consider LaPointe's challenges to the Veterans Court's application of law to the facts of his case.  We do have jurisdiction to consider LaPointe's arguments

based on the validity of 38 C.F.R. § 3.655 and constitutional due process. We therefore affirm-in-part and dismiss-in-part.

BACKGROUND

LaPointe served on active duty in the United States Navy from July 1983 to December 1989. In May 1991, LaPointe was granted service connection for asthma with allergic rhinitis symptoms. The Department of Veterans Affairs ("VA") regional office ("RO") assigned him a thirty percent disability rating, with an effective date of January 1990. Decision on Appeal, slip op. at 1.

In August 2002, LaPointe filed a claim for an increased disability rating "based on intermittent courses of systemic corticosteroids." Id. The claim was referred to the RO for appropriate development. The RO obtained July 2002 medical records from a private physician, Dr. Hopkins, and scheduled a VA medical examination. LaPointe elected not to attend the examination, stating that "[i]f you have the records from Dr. Hopkins then you have sufficient evidence to rate the case." Id. The RO issued a decision in November 2002 maintaining the disability rating at thirty percent upon finding that the evidence did not support an increase in rating. The RO noted that the medical records only reflected treatment received in July 2002, and no records were available beyond that date.

In December 2002, LaPointe filed a claim for a 100 percent disability rating. The RO denied his claim later that month based on its review of the evidence. LaPointe appealed that decision to the Board. In December 2003, the Board affirmed the RO's decision, noting that LaPointe failed to report to the VA examination without good cause where the severity of his asthma could have been determined. Board Decision, slip op.

at 2-3. Thus, his claim for an increased disability rating was denied. LaPointe then appealed to the Veterans Court.

On September 20, 2006, the Veterans Court affirmed that portion of the Board's decision. Id. at 4. The court agreed with the Board's conclusion that LaPointe's daily use of a corticosteroid inhaler did not warrant a disability rating of 100 percent pursuant to Diagnostic Code ("DC") 6602, because that provision "makes a distinction between the intermittent or daily use of systemic corticosteroids and the intermittent or daily use of inhaled corticosteroids." Id. at 2. The court further rejected LaPointe's additional arguments, but remanded the case for consideration of "appellant's claim for separate ratings for allergic rhinitis, conjunctivitis and sinusitis." Id. at 4.

LaPointe timely filed an appeal to this court. We have jurisdiction to hear this appeal pursuant to 38 U.S.C. § 7292.

DISCUSSION

We have limited jurisdiction to review a decision of the Veterans Court. We cannot, absent a constitutional issue, review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2000). We may, however, review the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2000). Such legal determinations of the Veterans Court are reviewed without deference. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991).

LaPointe raises three main contentions on appeal. First, LaPointe contends that the Veterans Court misinterpreted 38 C.F.R. § 4.97 DC 6602 by adopting a more

restrictive form of the evaluation criteria. Second, LaPointe challenges the validity of 38 C.F.R. § 3.655(b), which provides that a claim for an increase in benefits shall be denied in the event that "a claimant fails to report for an examination." Third, LaPointe contends that his due process rights had been violated because the adjudication and hearing of his claim were arranged to be held in New Hampshire, not in his home state of Massachusetts. The Secretary responds that all of the arguments raised in LaPointe's appeal involve the Board's factual determinations and the Veterans Court's application of the law to the facts, over which this court lacks jurisdiction to review on appeal.

We agree with the Secretary that we do not have jurisdiction over LaPointe's challenge to the Veteran's Court's finding on the diagnostic code issue. Under 38 U.S.C. § 7292(d)(2), we may not review factual findings or the application of the law to the facts in a Veterans Court decision, except to the extent that an appeal presents a constitutional issue. As to the first issue, LaPointe challenges "the Secretary's rewriting of the rating criteria at 38 C.F.R. § 4.97 Diagnostic Code 6602." LaPointe asserts that the court misinterpreted "corticosteroid" as "inhalational anti-inflammatory medication." Relying on the plain language of the regulation, the Veterans Court accepted the Board's conclusion that the use of a corticosteroid inhaler does not warrant a higher rating pursuant to DC 6602, and that the "systemic use of oral or parenteral, not inhaled, corticosteroids" qualifies for a rating greater than thirty percent. In reaching that conclusion, the Veterans Court merely applied the law to the facts of this case. As such, we lack jurisdiction to review that decision. Moreover, to the extent LaPointe is asking that we review or amend the criteria set forth in DC 6602, we lack authority to do

so, absent a challenge to the constitutionality of the schedule. See Wanner v. Principi, 370 F.3d 1124, 1131 (Fed. Cir. 2004) ("The Secretary's discretion over the schedule, including procedures followed and content selected, is insulated from judicial review with one recognized exception limited to constitutional challenges.").

Next, LaPointe argues that 38 C.F.R § 3.655(b) is invalid in light of 38 U.S.C. § 5107. The regulations provide, inter alia, that "[w]hen entitlement . . . to a benefit cannot be established or confirmed without a current VA examination . . . and a claimant, without good cause, fails to report for such examination . . . a claim for increase . . . shall be denied." 38 C.F.R. § 3.655(a), (b). Section 5107 provides, in part, that "[t]he Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary." 38 U.S.C. § 5107(b). LaPointe fails to provide any persuasive basis for concluding that § 3.655(b) is inconsistent with § 5107. Indeed, the regulations mandate that the Secretary considers all evidence of record, while also placing a burden on the claimant to report for necessary examinations. Those provisions are not inconsistent with each other, particularly when "a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary." 38 U.S.C. § 5107(a).

Moreover, in this particular case, the Board denied LaPointe's claim after considering the evidence of record, which included LaPointe's private medical records and prescription labels for a corticosteroid inhaler. Board Decision, slip op. at 2. The Board determined that that "evidence alone . . . [was] not sufficient for a higher rating," and implicitly found that the VA examination, which LaPointe failed to attend without good cause, was necessary to determine whether LaPointe was entitled to increased

benefits.  Id.  Thus, the Board invoked § 3.655(b) and ultimately rejected his claim. Accordingly, even if we were to invalidate § 3.655(b), which we find no basis for doing, LaPointe's claim for increase would nonetheless have been denied in light of the insufficient evidence he presented to the Board in support of his claim, a matter that we are not empowered to review.

Finally, LaPointe contends that his due process rights were violated because the hearing was arranged to be held in New Hampshire, rather than in his home state of Massachusetts.  We construe this assertion liberally, as does LaPointe, as a constitutional argument.  LaPointe relies on 38 C.F.R. § 3.103(e) and 38 C.F.R. § 20.904(a) in support of his argument.  Those provisions, however, do not support his position.  Neither section mandates that a hearing must be arranged in the claimant's home state in order to comply with the requirements of due process.  Instead, § 3.103(e) merely provides that "claimants are entitled to representation of their choice at every stage in the prosecution of a claim."  LaPointe fails to establish that he had been denied that right.  Moreover, we conclude that LaPointe's assertion that his constitutional right to due process was violated by holding a hearing in New Hampshire is without merit.

We have carefully considered the additional arguments raised in LaPointe's brief and are unable to find any errors pertaining to either the validity or an interpretation of a rule of law, statute, or regulation.  Accordingly, we find LaPointe's arguments regarding constitutional due process and the validity of 38 C.F.R. § 3.655 to be without merit and affirm the Veterans Court's decision.  We dismiss for lack of jurisdiction the remainder of LaPointe's appeal.

07-7016                                    -6-

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-7016

JAMES E. LAPOINTE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

MAYER, <u>Circuit Judge</u>, dissenting.

The majority is correct that James E. LaPointe is not entitled to relief from the United States Court of Appeals for Veterans Claims' decision.  However, I dissent from its resolution of LaPointe's "constitutional" challenges and his challenge to 38 C.F.R. § 3.655(b), because he raises no question that properly invokes our jurisdiction under 38 U.S.C. § 7292, and this makes any disposition on the merits advisory.

Beginning with the section 3.655(b) issue, even if cursorily, "the Board denied LaPointe's claim after considering the evidence of record."  <u>Ante</u> at 5.  Moreover, both the regional office ("RO") and the Veterans Court considered the evidence of record in denying his claim.  <u>LaPointe v. Nicholson</u>, No. 03-2179, 2006 U.S. App. Vet. Claims LEXIS 940, slip op. at 1-2 (Vet. App. Sept. 20, 2006).  In reviewing the RO's denial, however, the board also purported to affirm the decision on an alternate ground, section 3.655(b).<sup>*</sup>  LaPointe then argued on appeal to the Veterans Court that section

---

\*      38 C.F.R. § 3.655(b) provides:

3.655(b)'s rule, mandating per se denial of a claim for increase when the claimant fails to report for a scheduled medical exam, is invalid because it is inconsistent with 38 U.S.C. § 5107(b).[**] The Veterans Court declined to hold section 3.655(b) invalid, and unnecessarily affirmed the denial of benefits under that section too. LaPointe renewed his section 3.655(b) argument on appeal to us. The problem with the invalidity argument insofar as our jurisdiction is concerned, however, is that even if we were to invalidate section 3.655(b), he has already received the only relief to which he would be entitled—a determination of his claim based on the evidence of record. Therefore, the validity of section 3.655(b) is not before us.

Because the majority nevertheless chooses to issue an advisory ruling on the validity of section 3.655(b), I am compelled to set out my view as well. To begin with, section 3.655(b) is internally inconsistent. After a veteran fails to appear for a medical examination scheduled in conjunction with "an original compensation claim," the claim is still "rated based on the evidence of record." But, with respect to "any other original claim, a reopened claim . . . , or a claim for increase, the claim [is] denied." Id. Even if this inconsistency were somehow justified, the disparate treatment of other original

---

When a claimant fails to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. When the examination was scheduled in conjunction with any other original claim, a reopened claim for a benefit which was previously disallowed, or a claim for increase, the claim shall be denied.

[**]     38 U.S.C. § 5107(b) provides in pertinent part:

The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary.

claims, reopened claims, and claims for increase is flatly inconsistent with 38 U.S.C. § 5107(b)'s requirement that the "Secretary shall consider all information and lay and medical evidence of record in a case . . . with respect to benefits." <u>See</u> <u>Kelly v. Nicholson</u>, 463 F.3d 1349, 1354 (Fed. Cir. 2006). In simple terms, the command that the secretary shall decide claims for benefits after considering <u>all</u> evidence of record plainly does not admit of per se rules providing for the denial of claims without considering that evidence.

The incompatibility of section 3.655(b) with 38 U.S.C. § 5107(b) necessarily requires its invalidation, but there is more. Section 3.655(b) is inconsistent with the Department of Veterans Affairs ("VA") own regulations. 38 C.F.R. § 3.103(a) provides: "[I]t is the obligation of VA . . . to render a decision which grants every benefit that can be supported in law while protecting the interests of the Government." The per se rule, however, ensures that some worthy veterans are summarily and improperly denied benefits.

Section 3.655(b) is not triggered until after the VA has applied 38 C.F.R. § 3.655(a).*** Despite its best efforts, the VA will occasionally err in its application of section 3.655(a). In other words, it will sometimes erroneously find that a claimant neither met his evidentiary burden for establishing entitlement to benefits, nor showed good cause for failing to appear at the consequently ordered VA medical exam. Under

---

\***      38 C.F.R. § 3.655(a) provides in pertinent part:

When entitlement or continued entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination and a claimant, without good cause, fails to report for such examination, or reexamination, action shall be taken in accordance with paragraph (b) or (c) of this section as appropriate.

the per se rule, the first requirement necessary to trigger application of section 3.655(b)—failure to establish entitlement to benefits—will then, as here, receive little or no review by the board, the Veterans Court, or both.

In contrast, the undeniable wisdom of the rule under section 3.655(b) as applied to original compensation claims is that it ensures robust review within the VA and at the Veterans Court of both requirements under section 3.655(a) necessary to trigger application of section 3.655(b). In that manner, the VA better guarantees that it properly carries out one of its most important functions, "grant[ing] every benefit that can be supported in law." 38 C.F.R. § 3.103(a). Moreover, the current rule as applied to original compensation claims more appropriately provides for an allocation of the risk of error consistent with Congress' intent for the veterans benefits scheme. See Cook v. Principi, 318 F.3d 1334, 1355-57 (Fed. Cir. 2002) (en banc) (Gajarsa, J., dissenting); Forshey v. Principi, 284 F.3d 1335, 1363-65 (Fed. Cir. 2002) (en banc) (Mayer, C.J., dissenting). Accordingly, in view of the paternalistic, user-friendly system Congress created, section 3.655(b)'s rule as applied to original compensation claims must also be applied to other original claims, reopened claims, and claims for increase.

With respect to LaPointe's "constitutional" arguments, liberally construing his pro se brief as we are of course obligated to do, he does not raise a due process challenge. For the majority to nevertheless render a constitutional holding is imprudent and advisory. Indeed, based on the record before us, there is no indication that LaPointe advanced his "due process" arguments before the VA or the Veterans Court. Accordingly, Forshey, 284 F.3d at 1351-52, precludes our exercise of jurisdiction over them now.

With respect to the substance of LaPointe's "constitutional" arguments, tellingly the majority does not explain what makes them constitutional in nature. The reason for this is simple enough: no matter how liberally his petition is construed, it does not in fact raise a constitutional challenge. LaPointe complains only that he was deprived of protections afforded by 38 C.F.R. §§ 3.103(c) and 3.103(e). His section 3.103(c) argument is that, "the notice of the right to a hearing which limited [me] to a hearing in [New Hampshire] was more restrictive than the law at 38 C.F.R. § 3.103(c)(1) allowing for a hearing at the office nearest the claimant's home." His section 3.103(e) argument merely states his belief that adjudication of his claim in New Hampshire deprived him of his regulation-based rights under that section. Nowhere in these allegations is there a basis from which to infer an argument that sections 3.103(c) or 3.103(e) are somehow inconsistent with the Fifth Amendment or any other constitutional provisions.

A veteran's "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Moreover, the majority's gratuitous framing of LaPointe's challenge as constitutional conflicts with the doctrine that courts must strive to avoid unnecessarily reaching constitutional issues. See, e.g., NLRB v. Catholic Bishop of Chi., 440 U.S. 490, 500-01 (1979) (noting that courts are required to choose any reasonable construction of a statute that would eliminate the need to confront a contested constitutional issue); Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 347 (1936) (Brandeis, J., concurring); SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1126, (Fed. Cir. 1985) (en banc) (additional views of Markey, C.J., and Newman, J.). I would dismiss LaPointe's appeal for lack of jurisdiction.