MAYER, Circuit Judge,
dissenting.
The majority is correct that James E. LaPointe is not entitled to relief from the United States Court of Appeals for Veterans Claims’ decision. However, I dissent from its resolution of LaPointe’s “constitutional” challenges and his challenge to 38 C.F.R. § 3.655(b), because he raises no question that properly invokes our jurisdiction under 38 U.S.C. § 7292, and this makes any disposition on the merits advisory.
Beginning with the section 3.655(b) issue, even if cursorily, “the Board denied LaPointe’s claim after considering the evidence of record.” Ante at 966. Moreover, both the regional office (“RO”) and the Veterans Court considered the evidence of record in denying his claim. LaPointe v. Nicholson, No. 03-2179, 2006 WL 2797153, *1, 2006 U.S.App. Vet. Claims LEXIS 940, slip op. at 1-2 (VetApp. Sept. 20, 2006). In reviewing the RO’s denial, however, the board also purported to affirm the decision on an alternate ground, section 3.655(b).* LaPointe then argued on appeal to the *967 Veterans Court that section 3.655(b)’s rule, mandating per se denial of a claim for increase when the claimant fails to report for a scheduled medical exam, is invalid because it is inconsistent with 38 U.S.C. § 5107(b).** The Veterans Court declined to hold section 3.655(b) invalid, and unnecessarily affirmed the denial of benefits under that section too. LaPointe renewed his section 3.655(b) argument on appeal to us. The problem with the invalidity argument insofar as our jurisdiction is concerned, however, is that even if we were to invalidate section 3.655(b), he has already received the only relief to which he would be entitled — a determination of his claim based on the evidence of record. Therefore, the validity of section 3.655(b) is not before us.
Because the majority nevertheless chooses to issue an advisory ruling on the validity of section 3.655(b), I am compelled to set out my view as well. To begin with, section 3.655(b) is internally inconsistent. After a veteran fails to appear for a medical examination scheduled in conjunction with “an original compensation claim,” the claim is still “rated based on the evidence of record.” But, with respect to “any other original claim, a reopened claim ..., or a claim for increase, the claim [is] denied.” Id. Even if this inconsistency were somehow justified, the disparate treatment of other original claims, reopened claims, and claims for increase is flatly inconsistent with 38 U.S.C. § 5107(b)’s requirement that the “Secretary shall consider all information and lay and medical evidence of record in a case ... with respect to benefits.” See Kelly v. Nicholson, 463 F.3d 1349, 1354 (Fed.Cir.2006). In simple terms, the command that the secretary shall decide claims for benefits after considering all evidence of record plainly does not admit of per se rules providing for the denial of claims without considering that evidence.
The incompatibility of section 3.655(b) with 38 U.S.C. § 5107(b) necessarily requires its invalidation, but there is more. Section 3.655(b) is inconsistent with the Department of Veterans Affairs (‘VA”) own regulations. 38 C.F.R. § 3.103(a) provides: “[I]t is the obligation of VA ... to render a decision which grants every benefit that can be supported in law while protecting the interests of the Government.” The per se rule, however, ensures that some worthy veterans are summarily and improperly denied benefits.
Section 3.655(b) is not triggered until after the VA has applied 38 C.F.R. § 3.655(a).*** Despite its best efforts, the VA will occasionally err in its application of section 3.655(a). In other words, it will sometimes erroneously find that a claimant neither met his evidentiary burden for establishing entitlement to benefits, nor showed good cause for failing to appear at *968 the consequently ordered YA medical exam. Under the per se rule, the first requirement necessary to trigger application of section 3.655(b) — failure to establish entitlement to benefits — will then, as here, receive little or no review by the board, the Veterans Court, or both.
In contrast, the undeniable wisdom of the rule under section 3.655(b) as applied to original compensation claims is that it ensures robust review within the VA and at the Veterans Court of both requirements under section 3.655(a) necessary to trigger application of section 3.655(b). In that manner, the VA better guarantees that it properly carries out one of its most important functions, “granting] every benefit that can be supported in law.” 38 C.F.R. § 3.103(a). Moreover, the current rule as applied to original compensation claims more appropriately provides for an allocation of the risk of error consistent with Congress’ intent for the veterans benefits scheme. See Cook v. Principi, 318 F.3d 1334, 1355-57 (Fed.Cir.2002) (en banc) (Gajarsa, J., dissenting); Forshey v. Principi, 284 F.3d 1335, 1363-65 (Fed.Cir.2002) (en banc) (Mayer, C.J., dissenting). Accordingly, in view of the paternalistic, user-friendly system Congress created, section 3.655(b)’s rule as applied to original compensation claims must also be applied to other original claims, reopened claims, and claims for increase.
With respect to LaPointe’s “constitutional” arguments, liberally construing his pro se brief as we are of course obligated to do, he does not raise a due process challenge. For the majority to nevertheless render a constitutional holding is imprudent and advisory. Indeed, based on the record before us, there is no indication that LaPointe advanced his “due process” arguments before the VA or the Veterans Court. Accordingly, Forshey, 284 F.3d at 1351-52, precludes our exercise of jurisdiction over them now.
With respect to the substance of La-Pointe’s “constitutional” arguments, tellingly the majority does not explain what makes them constitutional in nature. The reason for this is simple enough: no matter how liberally his petition is construed, it does not in fact raise a constitutional challenge. LaPointe complains only that he was deprived of protections afforded by 38 C.F.R. §§ 3.103(c) and 3.103(e). His section 3.103(c) argument is that, “the notice of the right to a hearing which limited [me] to a hearing in [New Hampshire] was more restrictive than the law at 38 C.F.R. § 3.103(c)(1) allowing for a hearing at the office nearest the claimant’s home.” His section 3.103(e) argument merely states his belief that adjudication of his claim in New Hampshire deprived him of his regulation-based rights under that section. Nowhere in these allegations is there a basis from which to infer an argument that sections 3.103(c) or 3.103(e) are somehow inconsistent with the Fifth Amendment or any other constitutional provisions.
A veteran’s “characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.” Helfer v. West, 174 F.3d 1332, 1335 (Fed.Cir.1999). Moreover, the majority’s gratuitous framing of LaPointe’s challenge as constitutional conflicts with the doctrine that courts must strive to avoid unnecessarily reaching constitutional issues. See, e.g., NLRB v. Catholic Bishop of Chi., 440 U.S. 490, 500-01, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979) (noting that courts are required to choose any reasonable construction of a statute that would eliminate the need to confront a contested constitutional issue); Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); SRI Int’l v. Matsushita Elec. Corp., 775 *969 F.2d 1107, 1126, (Fed.Cir.1985) (en banc) (additional views of Markey, C.J., and Newman, J.). I would dismiss LaPointe's appeal for lack of jurisdiction.

 38 C.F.R. § 3.655(b) provides:
When a claimant fails to report for an examination scheduled in conjunction with an origi *967 nal compensation claim, the claim shall be rated based on the evidence of record. When the examination was scheduled in conjunction with any other original claim, a reopened claim for a benefit which was previously disallowed, or a claim for increase, the claim shall be denied.

38 U.S.C. § 5107(b) provides in pertinent part:
The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary.

 38 C.F.R. § 3.655(a) provides in pertinent part:
When entitlement or continued entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination and a claimant, without good cause, fails to report for such examination, or reexamination, action shall be taken in accordance with paragraph (b) or (c) of this section as appropriate.