RADER, Circuit Judge.
Syble Vaughn and W.T. Sumner (collectively, appellants) separately appeal the United States Court of Appeals for Veterans’ Claims (Veterans’ Court) denial of their applications for award of attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2000). The Veterans’ Court denied their applications on the ground that neither was a “prevailing party.” Vaughn v. Principi, 15 Vet.App. 277 (2001); Sumner v. Principi, 15 Vet.App. 256 (2001) (en banc). Because the Supreme Court’s decision in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), and this court’s decision in Brickwood Contractors, Inc. v. United States, 288 F.3d 1371 (Fed.Cir.2002), preclude Vaughn and Sumner from attaining “prevailing party” status under EAJA, this court affirms both decisions.
I.
After the death of her husband in 1995, Vaughn applied for various veteran surviv- or benefits. Finding no service connection to the cause of death, the Board of Veteran’s Appeals (BVA) denied her claims. Vaughn appealed the denial to the Veterans’ Court. While her appeal was pending, Congress enacted the Veteran’s Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096 (2000). Citing the need for re-adjudication in light of the VCAA, the parties filed a joint motion for remand on the issue of service connection to the cause of death and dismissal of the remaining issues. After the Veterans’ Court consented to the remand request, Vaughn filed an EAJA application for attorney fees. The EAJA provides, in part, that:
[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
28 U.S.C. 2412(d)(1)(A) (2000) (emphasis added). The Secretary of Veterans Affairs (VA Secretary) opposed Vaughns EAJA application on the grounds that her assertion of prevailing party status was premised on, inter alia, the catalyst theory.
After Vaughns EAJA application, the Supreme Court issued its decision in Buck-hannon. Buckhannon addressed the issue of whether a party is entitled to attorney fees as a “prevailing party” under the catalyst theory. According to the catalyst theory, a prevailing party is one that “achievefs] the desired result because the lawsuit brought about a voluntary change *1354 in the defendant’s conduct.” Buckhannon, 532 U.S. at 601, 121 S.Ct. 1835. Buckhan-non held that “the ‘catalyst theory’ is not a permissible basis for the award of attorney fees under the FHAA [Fair Housing and Amendments Act of 1988], 42 U.S.C. § 3613(c)(2), and the ADA [Americans with Disabilities Act], 42 U.S.C. § 12205.” Id. at 610, 121 S.Ct. 1835.
Because Buckhannon did not explicitly address the catalyst theory as a basis for awarding attorney fees under EAJA, the Veterans’ Court requested supplemental briefs from Vaughn and the VA Secretary. After considering the supplemental briefs, the Veterans’ Court denied Vaughn’s EAJA application. The Veterans’ Court reasoned that Buckhannon precluded Vaughn from achieving prevailing party status “under the merits, catalyst, or inevitable-victory tests based on obtaining a remand solely for re-adjudication in light of the enactment of the VCAA.” Vaughn, 15 Vet.App. at 280.
II.
The Veterans’ Court similarly denied Sumner’s EAJA application. After the BVA denied his claim for veteran’s benefits, Sumner appealed to the Veterans’ Court. While his appeal was pending, Sumner submitted a motion with the BVA to reconsider his claim based on newly acquired material evidence. He also filed a motion with Veterans’ Court to stay his appeal pending the BVA’s decision on his motion for reconsideration. The Veterans’ Court granted the stay and ordered the VA Secretary to advise the court on whether the BVA was inclined to grant the motion for reconsideration and, if so, to file a motion for a “Cerullo remand.” See Cerullo v. Derwinski, 1 Vet.App. 195 (1991). After advising the appeals court that it was inclined to grant reconsideration, the BVA granted Sumner’s motion for reconsideration, stayed the order pending remand from the Veterans’ Court, and filed an unopposed motion for remand in accordance with the prior order. After the Veterans’ Court remanded, Sumner filed an EAJA application for award of attorney fees. Sumner argued that he was a “prevailing party” under the merits or catalyst theory. In an en banc decision, the Veterans’ Court denied his application, holding that Buckhannon precluded Sumner from attaining “prevailing party” status under the merits or catalyst theory. According to the en banc decision, Buckhannon and Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), together hold that granting of prevailing party status requires “ultimate receipt of a benefit that was sought in bringing the litigation ... or, at a minimum, a court remand predicated on administrative error.” Sumner, 15 Vet.App. at 264.
Vaughn and Sumner appealed separately to this court. Because the two cases present similar facts and concern the same legal issue, this court addresses both Vaughn’s and Sumner’s appeals with this opinion.
III.
These two cases require this court to determine whether the Veterans’ Court applied the proper legal standard in determining whether appellants are “prevailing parties” under EAJA. This court reviews an interpretation of EAJA by the Veterans’ Court without deference. Jones v. Brown, 41 F.3d 634, 637 (Fed.Cir.1994). However, this court is precluded from reviewing “a challenge to a law or regulation as applied to the facts of a particular case” in the Veterans’ Court. 38 U.S.C. § 7292(d)(2)(B) (2000), Halpern v. Principi, 313 F.3d 1364, 1369 (Fed.Cir.2002).
In Buckhannon, the Supreme Court rejected the catalyst theory as a permissible *1355 basis for award of attorney fees as a “prevailing party.” Buckhannon Board and Care Home, Inc. (Buckhannon), owned and operated assisted living homes. A state fire marshal’s inspection found that the Buckhannon assisted living homes failed West Virginia’s “self-preservation” law requiring all residents to be capable of removing themselves from situations of imminent danger, such as fire. Buckhannon, 532 U.S. at 600, 121 S.Ct. 1835. Buckhan-non sued the state in the United States District Court for the Northern District of West Virginia seeking declaratory and in-junctive relief that the state’s self-preservation law violated the FHAA and the ADA. With the case pending in the district court, the state legislature enacted two bills that eliminated the self-preservation requirement. Id. at 601, 121 S.Ct. 1835. As a result, the state moved to dismiss the case as moot. After the district court granted the motion, Buckhannon sought attorney fees under the FHAA and ADA as a “prevailing party” based on the theory that the litigation had been the catalyst for achieving ultimate victory outside court. Id. at 601-02, 121 S.Ct. 1835.
In Buckhannon, the Supreme Court drew a bright line distinguishing “prevailing parties” from plaintiffs not entitled to an award of attorney fees. On one side of the line, an enforceable judgment on the merits and a court-ordered consent decree permit “prevailing party” status and an award of attorney fees. Id. at 604, 121 S.Ct. 1835. On the other side of the line, achievement of the desired result by the catalyst theory precludes an award of attorney fees as a “prevailing party.” Id. In rejecting the catalyst theory, the Court observed: “[A] defendant’s voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change.” Id. at 605, 121 S.Ct. 1835.
Buckhannon rejected the catalyst theory as a basis for determining a “prevailing party” specifically under the FHAA and the ADA. In Brickwood, 288 F.3d at 1379, this court held that Buckhannon’s rejection of the “catalyst theory” applied to EAJA. Because Brickwood precludes the catalyst theory as a basis for the award of attorney fees under EAJA, this court need not address appellant’s arguments to the contrary.
IV.
The issue in the present cases is on which side of the Supreme Court’s bright line appellants’ remands fall — on the side with a judgment on the merits and a court-ordered consent decree that may qualify Vaughn and Sumner as “prevailing parties” or on the side in which Buckhannon and Brickwood preclude an award of attorney fees to mere catalysts. Under the catalyst theory, a party achieves the desired result because the lawsuit brought about a voluntary change in the defendant’s conduct. In both cases appellants received a desired result of their respective appeals — a remand to allow the BVA to reconsider the claim for benefits. And in both cases, appeal of the denial of benefits to the appeals court brought about a voluntary change in the defendant’s conduct.
In Vaughn’s case, the voluntary change in conduct was the VA Secretary’s filing of a motion to remand for re-adjudication based on enactment of the VCAA. In Sumner’s case, the voluntary change in conduct was the VA Secretary’s filing of a motion to remand for re-adjudication based on new material evidence. Therefore, both appellants seek attorney fees for work done on the appeals to the Veterans’ Court. Because Vaughn and Sumner achieved a desired result — remands to the *1356 BVA — and the appeals brought about a voluntary change in the VA Secretary’s conduct, both appellants’ EAJA applications for attorney fees are premised on the catalyst theory. Indeed, both appellants admit their reliance on the catalyst theory.
Moreover, the remand orders in these cases do not resemble the types of outcomes that the Supreme Court identified as “prevailing.” Buckhannon held that a judgment on the merits affords “prevailing party” status because “a plaintiff received at least some relief on the merits of his claim.” Buckhannon, 532 U.S. at 603, 121 S.Ct. 1835 (citing Farrar v. Hobby, 506 U.S. 103, 121, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). Buckhannon, however, established a threshold level of relief to afford prevailing party status by providing two examples of relief that fall below that threshold. In the first example, the Court recognized that “an interlocutory ruling that reverses a dismissal for failure to state a claim ‘is not the stuff of which legal victories are made.’ ” Id. at 605, 121 S.Ct. 1835 (quoting Hewitt v. Helms, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). In the second example, the Court acknowledged that a “reversal of a directed verdict for defendant does not make plaintiff a ‘prevailing party.’ ” Id. (citing Hanrahan v. Hampton, 446 U.S. 754, 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)). Appellants’ remands, similar to a ruling that reverses a dismissal for failure to state a claim, provide only the opportunity for further adjudication. Thus, while the Veterans’ Court’s remand order arguably provided appellants some relief, the level of that relief fails to qualify as “prevailing,” as the Supreme Court’s directed verdict and interlocutory ruling examples show.
Buckhannon also held that “settlement agreements enforced through a consent decree may serve as the basis for an award of attorney fees.” Id. at 604, 121 S.Ct. 1835 (citing Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)). A consent decree is “[a] judgment entered by consent of the parties whereby defendant agrees to stop alleged illegal activity without admitting guilt,” or a decree that is “in effect an admission by [the parties] that the decree is a just determination of their rights upon the real facts of the case.” Black’s Law Dictionary 410-11 (6th ed.1991). In Maher, a recipient of federally funded state assistance filed suit alleging that the state’s administration of the program violated the Social Security Act. Maher, 448 U.S. at 124, 100 S.Ct. 2570. The recipient claimed that state regulations denied her credit for substantial portions of her actual work-related expenses, thus reducing the level of her benefits. Id. Upon negotiated settlement, the district court entered a consent decree that substantially granted all the relief originally requested in recipient’s complaint relating to deductions for actual work-related expenses. Id. at 126-27., 100 S.Ct. 2570
In contrast to a consent decree, Vaughn’s and Sumner’s remands included neither a judgment nor a determination of the rights of the parties based on the facts of the case. Because the Veterans’ Court did not reach the merits of appellants’ cases, the only admission or agreement reached between appellants and the BVA was that the cases should be remanded. In neither case did the remand from the Veterans’ Court substantially grant all of appellants’ previously requested veterans’ benefits.
Accordingly, this court affirms the judgments of the Veterans’ Court in these cases because it applied the correct legal standard, as articulated in Buckhannon. That is, a party must receive “at least some relief on the merits of his *1357 claim.” Buckhannon, 532 U.S. at 603, 121 S.Ct. 1835 (citing Farrar v. Hobby, 506 U.S. 103, 121, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). That relief must rise to the level of “enforceable judgments on the merits and court ordered consent decrees [creating a] material alteration of the legal relationship of the parties.” Id. at 604, 121 S.Ct. 1835. Minimal relief resembling “an interlocutory ruling that reverses a dismissal for failure to state a claim” or a “reversal of a directed verdict” will not satisfy the statutory requirements to achieve prevailing party status. Id. at 605, 121 S.Ct. 1835 (quoting Hewitt v. Helms, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) and Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)). This court agrees with the Veterans’ Court’s conclusions that appellants’ remands are not judgments on the merits or consent decrees or similar results that qualify as prevailing under EAJA. This court further holds that the catalyst theory is an improper basis for an award of attorney fees as a “prevailing party” under EAJA.
V.
Although appellants’ counsel noted at oral argument that Shalala does not apply to these cases, amici argue that the remands entitle appellants to attorney fees under the Supreme Court’s Shalala holding. In Shalala, a disability claimant appealed denial of his claim for Social Security benefits to the district court. Shalala, 509 U.S. at 294, 113 S.Ct. 2625. The district court held that the agency had committed three errors in denying the claim. It reversed the agency’s denial of benefits and remanded the case back to the agency for further consideration under sentence four of 42 U.S.C. § 405(g). Id. Upon reconsideration, the agency granted the claimant’s application for benefits. The claimant then filed an EAJA application for attorney fees. The Supreme Court affirmed the Eighth Circuit’s judgment granting attorney fees.
Although the claimant in Shalala received a remand back to the administrative agency level, as did the appellants in the present cases, Shalala is inapposite for two reasons. First, award of attorney fees under EAJA in Shalala was not premised on the catalyst theory. Rather than a voluntary change in the VA Secretary’s conduct, the claimant in Shalala achieved the desired result as a consequence of the district court’s judgment after reaching the merits of the case. The district court reversed the agency’s denial of benefits and remanded the case, holding that the Secretary of Health and Human Services (HHS Secretary) had committed errors in denying the requested benefits. Id.
Second, Shalala is inapposite to the present cases because it concerns a “sentence four remand.” Sentence four of 42 U.S.C. § 405(g) relates to judicial review of Social Security benefits determinations. It requires “a district court to enter a judgment ‘with or without’ a remand order.” Id. at 297, 113 S.Ct. 2625. On appeal, a district court must reach the merits of the case and immediately enter judgment. If necessary, sentence four allows remand with the judgment. Thus, an award of attorney fees after a sentence four remand is consistent with the holdings of Buckhannon and Brickwood because the unique statutory language of sentence four includes a judgment on the merits with any remand order. In these cases, the remand did not include any judgment on the merits and, thus, Shalala does not apply.
The VA Secretary’s brief in the present cases concedes that “a [Veterans’ Court] remand with instructions concerning the merits of the claim is akin to a district *1358 court’s remand, in a Social Security case, pursuant to ‘sentence four’ of 42 U.S.C. § 405(g).” Because neither of appellants’ remands included instructions concerning the merits, resolution of the issue is not necessary to decide Vaughn’s and Sumner’s appeals and this court does not do so.
Amici’s reliance on the sentence four remand in Shalala for the general proposition that a remand affords “prevailing party” status under the EAJA is misplaced because the statutory scheme that underlies the Social Security benefits system differs from that of the veterans’ 'benefits system. For the same reason, the Supreme Court’s decisions granting prevailing party status based on sentence six remands is unavailing to award Vaughn and Sumner attorney fees. In reviewing Social Security benefits cases on appeal, “the exclusive methods by which the district courts may remand to the [HHS] Secretary are set forth in sentence four and sentence six of 42 U.S.C. § 405(g).” Id. at 296, 113 S.Ct. 2625. Sentence six provides that following a sentence six remand, “the [HHS] Secretary must return to the district court to ‘file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.’ ” Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (quoting 42 U.S.C. § 405(g) (2000)). Thus, in sentence six cases, the district court retains jurisdiction. The HHS Secretary must return to the district court after the post-remand proceedings to allow the district court to enter a final judgment. Id. at 97, 111 S.Ct. 2157. In neither of appellants’ cases did the Veterans’ Court retain jurisdiction and require the BVA to return to the Veterans’ Court to enter final judgment. ■ Thus, again the unique statutory scheme for Social Security cases differs from the remands in these cases and affords appellants no opportunity to suggest that sentence six remands provide a basis for appellants in these cases to attain “prevailing party” status.
VI.
Appellants also argue that they are “prevailing parties” based on the “inevitable victory theory.” Under the inevitable victory theory, a party prevails when a case is remanded due to a change in the law and a court finds that the party would have prevailed absent the change in the law. The Veterans’ Court has never accepted the inevitable victory theory.
Only the Fourth and Sixth Circuits recognize the inevitable victory theory in awarding attorney fees. The Sixth Circuit addressed the issue in Perket v. Secretary of Health and Human Services., 905 F.2d 129 (6th Cir.1990). In Perket, the HHS Secretary terminated appellant’s disability insurance benefits. At the time the HHS Secretary terminated the benefits, regulations interpreted the Social Security Act not to require medical improvement in the claimant’s disability before termination. Before the district court reached the merits, Congress passed the Social Security Disability Benefits Reform Act of 1984 that mandated remand to the HHS Secretary of all pending disability termination cases for reevaluation under the new law. Id. at 131. The new law required termination to be supported by a showing of medical improvement and remand of cases pending as of a certain date to be remanded to the HHS Secretary for reevaluation. Id.
Before enactment of the new law, however, the Sixth Circuit had ruled that a showing of medical improvement must support termination of benefits. Haynes v. Secy. of Health Human Servs., 734 F.2d 284, 288 (6th Cir.1984). As a result, upon *1359 application for attorney fees, the Sixth Circuit held that the party had prevailed because it was “clear beyond doubt that [the party] would have prevailed in his suit even if [the new law] had not been enacted.” Perket, 905 F.2d at 133. In other words, the Sixth Circuit granted prevailing party status because it found, based on precedent established by Haynes, that the party would have prevailed even absent enactment of the new law. Id.; see also Rhoten v. Bowen, 854 F.2d 667, 670 (4th Cir.1988) (granting attorney fees because applicant would have prevailed based on Fourth Circuit precedent despite enactment of a new law that codified precedent).
The First, Fifth, Seventh, Eighth, and Ninth Circuits reject the inevitable victory theory. These Circuits do so because it “requires nothing less than the hypothetical relitigation of cases which, because of [an intervening event], need not be litigated at all.” Peter v. Jax, 187 F.3d 829, 835 (8th Cir.1999) (citing Guglietti v. Sec’y of Health & Human Servs., 900 F.2d 397, 403 (1st Cir.1990)); Milton v. Shalala, 17 F.3d 812, 815 (5th Cir.1994); Petrone v. Sec’y of Health & Human Servs., 936 F.2d 428, 430 (9th Cir.1991); Hendricks v. Bowen, 847 F.2d 1255, 1260-61 (7th Cir.1988). These Circuits recognized that acceptance of the inevitable victory theory would cause “fee disputes to ‘spawn a second litigation of significant dimension.’ ” Id. (quoting Guglietti, 900 F.2d at 403). The Supreme Court rejected the catalyst theory in Buck-hannon for the same reason. Buckhannon, 532 U.S. at 609, 121 S.Ct. 1835.
In the present cases, the VA Secretary presents three reasons to reject the inevitable victory theory. First, the VA Secretary argues that the inevitable victory theory requires determination of whether benefits would have been awarded, in particular to Vaughn, notwithstanding a change in the law. According to the VA Secretary, that determination would require a “second major litigation,” the result the Supreme Court sought to prevent in Buckhannon.
Vaughn counters that the Supreme Court was concerned only with avoiding a second major litigation over fee-related issues, such as the number of hours reasonably spent on the litigation. Vaughn, however, is incorrect. The Supreme Court was concerned with litigation over “entitlement to an award,” as well as over litigation over appropriate hours expended and hourly rates. Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Thus, the Supreme Court’s reasoning supports the VA Secretary’s first point.
Second, the VA Secretary argues that Buckhannon and Brickwood establish that a party obtaining a remand can prevail under EAJA only if the remand itself provides some enforceable relief. According to the VA Secretary, the inevitable victory theory violates Buckhannon and Brick-wood because a remand due solely to a change in the law allows the merits of the underlying claim to be addressed for the first time after remand. Because Vaughn’s remand to the BVA is not an enforceable judgment on the merits, the Supreme Court’s reasoning again supports the VA Secretary’s contention.
Finally, the VA Secretary argues that use of the inevitable victory theory would amount to the appeals court instructing the BVA that the veteran should prevail on remand. According to the VA Secretary, this would usurp the authority of the BVA to make factual findings in the first instance in remanded cases. To the contrary, as the VA Secretary conceded in his brief, a remand instructing the BVA that the veteran should prevail is “akin” to a sentence four remand of a Social Security *1360 benefits case. Thus, this third argument lacks merit.
After considering the arguments made by the parties and the rationale employed by our sister courts, this court rejects the inevitable victory theory as a basis to attain “prevailing party” status under EAJA. The bright line reasoning of the Supreme Court in Buckhannon shows that the majority of our sister circuits are correct in rejecting this basis to attain “prevailing party” status.
This holding is compatible with that of Former Employees of Motorola Ceramic Products v. United States, No. 02-1223, also issued today. Although that holding was not unanimous, as explained therein, the facts of these cases are readily distinguishable at the point at which their holdings diverge. Thus, for both Vaughn and Sumner, their request for attorney fees is for an intermediate event that did not involve a merit determination, in Vaughn’s case a change in law and in Sumner’s case the discovery of new evidence. In both cases the government agreed to a remand to the Board, and the remands have not resulted in a decision on the merits of their claims. In neither case did the Veterans’ Court suggest that these new events might change the result; the Vaughn and Sumner requests for attorney fees are founded solely on the remand for further proceedings without a determination of error.
In contrast, in Former Employees the remand for further proceedings was made upon agency recognition that it had taken an incorrect position on the merits; there was a stipulated remand, followed by further proceedings and an award of the benefits that the plaintiffs had been seeking. With the successful outcome of the further proceedings, these plaintiffs were prevailing parties.
CONCLUSION
For the foregoing reasons, this court affirms the Veterans’ Court holdings that appellants are not “prevailing parties” under EAJA.
COSTS
Each party shall bear its own costs.

AFFIRMED.