NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**FRANK J. KAKUK,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2010-7023

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 07-1126, Judge Alan G. Lance, Sr.

---

## ON APPLICATION

---

Before LOURIE, GAJARSA, and LINN, *Circuit Judges.*

LINN, *Circuit Judge.*

## ORDER

Frank J. Kakuk submits an application for fees and expenses under the Equal Access to Justice Act (EAJA). The Secretary of Veterans Affairs ("Secretary") opposes.

Mr. Kakuk sought service connection for Parkinson's Disease based upon, among other things, exposure to

herbicides during his service in Vietnam. The Board of Veterans' Appeals ("Board") denied service connection, finding insufficient evidence to establish a nexus between Mr. Kakuk's disease and his service. The Court of Appeals for Veterans Claims ("Veterans Court") affirmed, and Mr. Kakuk appealed to this court.

While Mr. Kakuk's appeal was pending, the Department of Veterans Affairs published a final rule affording a presumption of service connection for Parkinson's Disease based upon exposure to herbicides. The Secretary moved, without opposition, to vacate the decision of the Veterans Court and to direct that court to remand to the Board with orders to remand to the regional office for further proceedings. The Secretary did not concede any error in its positions before the agency and Veterans Court. Nevertheless, the Secretary stated that remand was appropriate because the final rule might "provide Mr. Kakuk with the nexus currently lacking between his disability and his military service. . . ." We granted the Secretary's motion. Mr. Kakuk now seeks fees and expenses under the EAJA.

In order to succeed in an application for fees and expenses under the EAJA, an applicant must show that he was a "prevailing party." Upon such a showing, a court shall award attorney fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2414(d)(1)(A).

Prevailing party status requires "some relief on the merits." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). The Supreme Court has been clear that remands by the court of appeals to district courts for further proceedings do not constitute relief on the merits or confer prevailing party status on the successful party. *See Hewitt v. Helms*, 482 U.S. 755, 762 (1987). A different rule prevails when federal court review of administrative agencies is in-

volved. *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993). In that context, remand orders may confer prevailing party status because "[s]ecuring a remand to an agency can constitute the requisite success on the merits." *Kelly v. Nicholson*, 463 F.3d 1349, 1353 (Fed. Cir. 2006).

Although this court has not definitively addressed the standard for determining prevailing party status under the EAJA where a remand is issued from this court to the Veterans Court for further proceedings before the agency, we need not do so here. Under any standard, Mr. Kakuk is not a prevailing party.

Only remands predicated upon error confer prevailing party status. *See Davis v. Nicholson*, 475 F.3d 1360, 1364 (Fed. Cir. 2007) ("[W]here the court below has not retained jurisdiction, we have developed an approach for determining when a remand to an administrative agency occurs 'because of alleged error by the agency.'" (citation omitted)); *Former Employees of Motorola Ceramic Products v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003) ("[W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there is been no retention of jurisdiction by the court, or (2) when successful in the remand proceeding where there has been a retention of jurisdiction."); *Vaughn v. Principi*, 336 F.3d 1351, 1360 (Fed. Cir. 2003) (to be a prevailing party, an applicant must have received "at least some merit of his claim rising to the level of an enforceable judgment on the merits or court-ordered consent decree creating a material alteration of the legal relationship of the parties.").

An intervening change in the law, either by statute, regulation, or precedent, does not constitute such error for purposes of prevailing party status. *See Akers v. Nicholson*, 409 F.3d 1356, 1350 (Fed. Cir. 2005) (not a prevailing

party when remand was predicated upon change in Veterans Court precedent); *Vaughn*, 336 F.3d at 1356-57 (not prevailing party when case was remanded for re-adjudication in light of new statute). Because the remand order here was procured without relation to any error on the part of the agency, this application must be denied.

Accordingly,

IT IS ORDERED THAT:

The application is denied.

FOR THE COURT

DEC 0 2 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Richmond J. Brownson, Esq.
    Meredyth Cohen Havasy, Esq.
s25

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 02 2011

JAN HORBALY
CLERK