NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATHAN C. BROWN,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7016

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-3535, Judge Alan G. Lance, Sr.

---

Decided: November 18, 2014

---

JOHN F. CAMERON, of Montgomery, Alabama, argued for claimant-appellant.

ZACHARY J. SULLIVAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant

General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel.

————————

Before WALLACH, CHEN, and HUGHES, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HUGHES.

Concurring Opinion filed by *Circuit Judge* WALLACH.

HUGHES, *Circuit Judge*.

Nathan Brown petitioned the Court of Appeals for Veterans Claims to order the Department of Veterans Affairs to issue a rating decision on his claims for veteran benefits. During the proceedings, the Veterans Court ordered the agency to provide a status update on Mr. Brown's case. The agency then mailed Mr. Brown notice of its prior rating decision granting him benefits and notified the court that Mr. Brown's claim had been granted. Mr. Brown argues that this makes him a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412. But the Supreme Court has held that the government's voluntary change in conduct, even if it accomplishes the object of a lawsuit, does not confer prevailing-party status on the plaintiff. Accordingly, we affirm the Veterans Court's holding that Mr. Brown is not a prevailing party under § 2412.

I

Mr. Brown served in the Navy between September 1972 and December 1973. In 2001, Mr. Brown filed a claim to establish service connection for schizoaffective disorder. Following two appeals to the Veterans Court and two joint motions for remand, the Board of Veterans' Appeals ordered that a new compensation and pension examination be performed. A March 2012 report from the ordered examination states that Mr. Brown's schizoaffec-

tive disorder was as likely as not a result of his military service, and that it caused him total occupational and social impairment.

Between March and October 2012, Mr. Brown requested seven times that a regional office issue a rating decision on his claim. On October 9, 2012, the regional office sent a letter to Mr. Brown with a copy of the March 2012 examination report. The letter, however, did not include a rating decision.

On December 5, 2012, Mr. Brown filed a petition for writ of mandamus in the Veterans Court to compel the regional office to issue a rating decision and to provide him with any new evidence obtained by the regional office. On December 7, 2012, the Veterans Court ordered the Secretary of Veterans Affairs to "respond with information about the status of the petitioner's claim." J.A. 264. Four days later, the regional office mailed Mr. Brown notice of its earlier October 17, 2012 rating decision granting service connection and disability ratings for his schizoaffective disorder. Then, in response to the Veterans Court's order, the Secretary informed the court that the rating decision had issued and that no new evidence had been obtained. On January 17, 2013, the Veterans Court dismissed Mr. Brown's petition as moot because he had obtained the requested relief.

In May 2013, Mr. Brown filed a fee application under the Equal Access to Justice Act, 28 U.S.C. § 2412, for the recovery of fees and expenses incurred in filing his December 5, 2012 petition. Concluding that Mr. Brown was not a "prevailing party" for the purposes of an EAJA claim, the Veterans Court denied the application. Mr. Brown appeals. We have jurisdiction under 38 U.S.C. § 7292.

## II

Our jurisdiction over appeals from the Veterans Court is limited by statute. Although we may not review "a challenge to a law or regulation as applied to the facts of a particular case" in the Veterans Court, 38 U.S.C. § 7292(d)(2)(B), we review the Veterans Court's interpretation of EAJA de novo. *Vaughn v. Principi*, 336 F.3d 1351, 1354 (Fed. Cir. 2003).

Under EAJA, a court awards a "prevailing party" fees and expenses incurred in any civil action or judicial review of agency action brought against the United States, unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To establish that it is a "prevailing party," an EAJA applicant "must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those." *Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005).

But the Supreme Court has held that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit," cannot confer prevailing party status on a plaintiff. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Analyzing fee shifting statutes similar to EAJA, the Court explained that a voluntary change "lacks the necessary judicial *imprimatur* on the change." *Id.* We have since applied *Buckhannon* and interpreted EAJA as excluding applications for fees and expenses based on this "catalyst" theory. *See Vaughn*, 336 F.3d at 1355–56; *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1376 (Fed. Cir. 2002).

Mr. Brown argues that he is a prevailing party by virtue of the Veterans Court's December 7, 2012 order be-

cause he received some relief as a result of the order. Appellant's Br. 25. The Veterans Court disagreed, holding that Mr. Brown's prevailing party argument relies on the catalyst theory. We agree with the Veterans Court.

Mr. Brown's petition for a writ of mandamus requested the issuance of a rating decision and copies of any new evidence obtained by the regional office. The Veterans Court's December 7, 2012 order was not on the merits and did not compel the agency to issue a decision. Instead, it required the Secretary to "respond with information about the status of the petitioner's claim." J.A. 264. Following the order, the regional office voluntarily mailed its rating decision to Mr. Brown. The Secretary then notified the Veterans Court that it had made a rating decision and that no new evidence had been obtained.

Although Mr. Brown achieved his desired results, those results occurred through the voluntary conduct of the regional office and the Secretary. They did not occur because of an enforceable judgment on the merits or a court-ordered consent decree. Such circumstances do not fall within the meaning of "prevailing party" in 28 U.S.C. § 2412(d)(1)(A). *Vaughn*, 336 F.3d at 1355–56.

Moreover, even if we assume that the issuance of the rating decision was a direct result of the Veterans Court's order requiring a status report, that is simply a restatement of the catalyst theory and insufficient to confer prevailing party status. We rejected a similar theory in *Brickwood*, 288 F.3d 1371, where the government allegedly changed its position as a result of preliminary oral comments from the court that were not embodied in a court order. There, we held that the lack of an enforceable judgment on the merits or a consent decree precluded prevailing party status. *Id.* at 1379–80. Similarly, here, a preliminary order requiring a status report fails to establish that Mr. Brown was a prevailing party.

We have considered Mr. Brown's other arguments and find them without merit. To the extent that Mr. Brown asks us to review the application of EAJA to the particular facts of his case, we lack jurisdiction to do so. *See id.* at 1354.

## III

Because the Veterans Court correctly construed 28 U.S.C. § 2412(d)(1)(A), we affirm.

**AFFIRMED**

No costs.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**NATHAN C. BROWN,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7016

---

WALLACH, *Circuit Judge,* concurring.

I concur although when the Department of Veterans Affairs' level of incompetency rises to a level approaching actual malevolence, at some point legal action to obtain redress should require EAJA compensation.