# United States Court of Appeals for the Federal Circuit

———————————

**LYDIA C. DOVER,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2014-7124

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2648, Judge Robert N. Davis.

———————————

Decided: April 7, 2016

———————————

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, BRIAN D. GRIFFIN, MARTIE ADELMAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

REYNA, *Circuit Judge.*

Appellant sought her attorney's fees under the Equal Access to Justice Act ("EAJA") after winning vacatur and remand from the Court of Appeals for Veterans Claims ("Veterans Court") to the Board for Veterans' Appeals ("Board"). The Veterans Court denied fees, reasoning that the appellant was not the prevailing party because the remand order contemplated only dismissal by the Board rather than further agency proceedings. We reverse because the remand order expressly contemplated, and the appellant received, further agency proceedings, sufficient for prevailing party status under our precedents.

## BACKGROUND

Mr. Jack Dover served in the United States Navy from 1956 to 1960. In 1968, he filed a claim with the VA regional office ("RO") for service-connected disability benefits relating to various conditions, including "palmar hyperkeratosis" in his left hand. His claim for the hand injury was denied, and he did not appeal. In 2004, Mr. Dover attempted to reopen the claim, but the RO found that he had not submitted new and material evidence to support reopening.

In 2008, Mr. Dover requested that the VA review for clear and unmistakable error ("CUE") its original 1968 decision and the 2004 refusal to reopen. In February 2009, the RO granted service connection based on new medical evidence and assigned an effective date of March 23, 2006, the date of another request to reopen the claim for service connection. In December 2009, Mr. Dover appealed for an earlier effective date of March 4, 1968, but the RO found no CUE in its prior decisions. In January 2011, Mr. Dover responded with more detailed arguments, but in July of that year, the Board issued a final ruling of no CUE with respect to the effective date.

Mr. Dover appealed to the Veterans Court. While the appeal was pending, he passed away. Mrs. Dover substituted into her husband's appeal and argued that his 2008 CUE claim was so lacking in specificity that the Board should have dismissed it without prejudice and without reaching the merits, as required by Board regulations. *See* 38 C.F.R. § 20.1404(b). She requested remand so she could refile the CUE claim with the requisite specificity. The VA conceded that it erred by failing to dismiss Mr. Dover's non-specific CUE claim.

The Veterans Court agreed that the case should have been dismissed, and it therefore vacated and remanded the Board's decision. The Veterans Court did not order the Board to dismiss the case. Instead, it provided the Board with the following remand instructions:

> On consideration of the foregoing, the Court SETS ASIDE the Board's July 22, 2011, decision, and REMANDS the matter for further proceedings consistent with this decision. In pursuing her claim on remand, the appellant will be free to submit additional evidence and argument in support of her claim, and the Board is required to consider any such evidence and argument.

J.A. 68 (emphasis original).

On remand, the Board dismissed Mr. Dover's 2008 claim without prejudice but treated the January 2011 submission of additional arguments as a separate CUE claim. The Board then remanded the matter to the RO for consideration on the merits.

Mrs. Dover moved under the EAJA for attorney's fees incurred in pursuing her appeal. The EAJA provides fees for a "prevailing party" when the government's litigation position was not substantially justified. *See* 28 U.S.C. § 2412(d). The Veterans Court rejected Mrs. Dover's motion because it believed that its remand was for dis-

missal and because our precedent in *Halpern v. Principi*, 384 F.3d 1297 (Fed. Cir. 2004) prevents an appellant who wins a remand for dismissal from claiming "prevailing party" status. Mrs. Dover appeals to this court. We have jurisdiction under 38 U.S.C. § 7292(c).

On appeal, Mrs. Dover argues that the Veterans Court applied the wrong legal standard to determine whether she was the prevailing party. She argues that the standard is not whether her relief was limited to Board dismissal, but whether there was a change in the legal relationship of the parties. She argues that the Veterans Court's decision changed her legal relationship with the Board because it permitted her to pursue her claim.

The VA counters that the Veterans Court correctly applied *Halpern*. In *Halpern*, we found that the appellant was not a "prevailing party" because the remand order "simply direct[ed] the Board to dismiss the action for lack of original jurisdiction." *Id.* at 1306. The VA argues that, even though the Board granted Mrs. Dover additional proceedings following remand, Mrs. Dover was still not a prevailing party because the Board's actions contravened the remand order, and there was therefore no change in the legal relationship of the parties.

## DISCUSSION

We review an interpretation of the EAJA by the Veterans Court without deference. *Jones v. Brown,* 41 F.3d 634, 637 (Fed. Cir. 1994).

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To determine whether an appellant is the "prevailing party," "the correct legal standard . . . is [that]

a party must receive 'at least some relief on the merits of his claim.'" *Vaughn v. Principi*, 336 F.3d 1351, 1356–57 (Fed. Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)).  Relief on the merits requires a "material alteration of the legal relationship of the parties." *Buckhannon*, 532 U.S. at 604; *see also Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003) ("[T]o be a prevailing party, one must receive at least some relief on the merits, which alters the legal relationship of the parties." (internal quotations and citations omitted)).

Traditional examples of relief on the merits include judgments on the merits and consent decrees. *See Vaughn*, 336 F.3d at 1357; *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989).  In contrast, "[m]inimal relief resembling an interlocutory ruling that reverses a dismissal for failure to state a claim or a reversal of a directed verdict will not satisfy the statutory requirements to achieve prevailing party status." *Vaughn*, 336 F.3d at 1357 (internal quotations omitted); *see also Hewitt v. Helms*, 482 U.S. 755 (1987); *Hanrahan v. Hampton*, 446 U.S. 754 (1980).

Remand for further proceedings by a lower civil court in the federal system is not typically considered relief on the merits. *See, e.g., Hewitt*, 482 U.S. at 762; *Hanrahan*, 446 U.S. at 758–59.  We have held, however, that remand to an administrative agency is different. *See Motorola*, 336 F.3d at 1365.  An appeal of an agency decision "is treated as a separate proceeding from the administrative proceeding, and a remand may [therefore] constitute the securing of relief on the merits." *Id.*  Consequently, we have held that where the remanding court has not retained jurisdiction, a remand to an administrative agency is relief on the merits if the remand was necessitated by

agency error, and the remand calls for further agency proceedings. *Id.* at 1366.

Here, the parties agree that the remand was necessitated by agency error, and the remanding court did not retain jurisdiction. The disputed issue is only whether the remand calls for further agency proceedings within the meaning of *Motorola*.

The VA argues that the requirements of *Motorola* are not met because—notwithstanding the remand order's call for "further proceedings"—the order as a whole suggested that those proceedings should be limited to dismissal. The VA relies on *Halpern*, in which we held that a remand instructing the agency to dismiss for lack of jurisdiction does not call for further agency proceedings within the meaning of *Motorola*. *Halpern*, 384 F.3d at 1306. We disagree that *Halpern* dictates the outcome of this case.

*Halpern* is distinguishable from the present case. In *Halpern* we found "nothing in the Veterans' Court's disposition of this case that requires further agency proceedings." *Id.* In contrast, the remand order here explicitly calls "for further proceedings." J.A. 68. The order further instructs the Board that it must permit Mrs. Dover "to submit additional evidence and argument in support of her claim," and that it is "required to consider any such evidence and argument." *Id.* On remand, the Board complied with these instructions by granting Mrs. Dover further proceedings on the merits. Because the remand order both contemplated and precipitated further agency proceedings on the merits, we conclude that Mrs. Dover was the prevailing party.

We are not persuaded by the VA's argument that Mrs. Dover was not the prevailing party simply because the remand opinion indicated that the Board should have dismissed Mrs. Dover's claim without prejudice. First, as

noted above, the remand order called for further proceedings. Second, even if the remand order were understood as instructing the Board to dismiss the case without prejudice, that would not foreclose Mrs. Dover from being the prevailing party. In *Motorola*, we held that if the remanding court does not retain jurisdiction, a remand for agency error makes the appellant the prevailing party "without regard to the outcome of the agency proceedings." *Motorola*, 336 F.3d at 1366. Because the ultimate merits determination is irrelevant, *Halpern* requires only that the remand leave the *possibility* of attaining a favorable merits determination through further agency proceedings. In *Halpern*, that possibility was foreclosed because the Veterans Court vacated on jurisdictional grounds. *See Halpern*, 384 F.3d at 1306. In this case, the possibility of a favorable merits determination was not foreclosed because the Veterans Court vacated on procedural grounds. The remand simply cleared a procedural hurdle (i.e., an adverse ruling on the merits with prejudice) so that Mrs. Dover could pursue additional proceedings on the merits.

Mrs. Dover was the prevailing party because the remand she won was necessitated by agency error, the remand called for—and Mrs. Dover received—further agency proceedings, and the Veterans Court did not retain jurisdiction. The Veterans Court's determination the Mrs. Dover is not entitled to attorney's fees under the EAJA as a prevailing party is therefore reversed.

## REVERSED

### COSTS

Costs to Dover.